IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA  :

    v.  :  Criminal Case No. DKC 13-0230

ANTHONY COLLINS  :

**MEMORANDUM OPINION AND ORDER**

Pending before the court is an appeal filed by Appellant Anthony Collins from a judgment of conviction entered by United States Magistrate Judge Thomas M. DiGirolamo, on May 1, 2013. For the reasons that follow, the judgment will be affirmed.

On September 5, 2012, Appellant was charged with possession of a weapon in a National Park, in violation of 36 C.F.R. § 2.4(a)(1)(i), and possession of an open container of alcohol within a motor vehicle in a National Park, in violation of 36 C.F.R. 4.14(b). He appeared before Judge DiGirolamo on January 28, 2013, and stated his desire to plead guilty to possession of the weapon in exchange for dismissal of the open container charge at sentencing.

Appellant was placed under oath and acknowledged his understanding that he could be sentenced up to a maximum term of incarceration of six months and ordered to pay a fine of

$5,000.00.[1]  He was advised of the trial rights he was required to waive as a consequence of his guilty plea, of the potential collateral consequences of his plea, and confirmed that no promises or threats had been made to induce his plea.  Appellant agreed that, if the case proceeded to trial, the government could establish beyond a reasonable doubt that, on December 5, 2012, at approximately 12:45 a.m., he was in the front passenger seat of a vehicle that was stopped by United States Park Police on the Baltimore-Washington Parkway in Maryland; that, during the traffic stop, a loaded, 25-caliber handgun was recovered from beneath his seat; that he advised police at the scene that the weapon belonged to him; and that the weapon was fully operable.  After re-confirming that it was still Appellant's desire to plead guilty, the court accepted his plea, finding that it was freely and voluntarily entered and that there was an adequate factual basis in support.  A pre-sentence report was ordered.

At sentencing, on May 1, the government sought the imposition of some imprisonment, citing numerous prior convictions for, *inter alia*, resisting arrest, possession of marijuana, possession of drug paraphernalia, and driving under the influence.  According to the government, Appellant had

---

[1] Transcripts of the plea and sentencing proceedings have not been prepared, but the court has reviewed certified electronic recordings of both proceedings.

received the benefit of probationary sentences on multiple prior occasions and those sentences had proven ineffective in curbing his conduct. Appellant countered that a probationary sentence was appropriate, citing his enrollment in a union plumbing apprenticeship, that he supported a minor child, and that he had never violated prior probations. The pre-sentence report did not recommend a term of incarceration because such a sentence would jeopardize Appellant's completion of his apprenticeship. Nevertheless, given the gravity of the offense and Appellant's significant criminal history, the probation officer believed that a term of supervised probation with special conditions was appropriate. The pre-sentence report recommended a period of home detention, completion of alcohol and drug treatment, monitoring fees, and a fine.

Persuaded by the reasoning of the pre-sentence report, Judge DiGirolamo imposed a two-year term of supervised probation with six months of home detention and electronic monitoring. In the court's view, that sentence served the dual purpose of imposing significant restraint while concomitantly permitting Appellant to continue working and supporting his family. Noting that Appellant had significant prior criminal history related to alcohol and drugs, the court ordered that he abstain from alcohol for a period of six months and that he be evaluated for treatment. It declined to impose a fine, as recommended in the

3

pre-sentence report, but ordered payment of the special assessment and processing fees and prohibited Appellant from possessing a firearm.

On May 7, Appellant, proceeding *pro se*, filed a timely notice of appeal, followed by a motion for leave to proceed *in forma pauperis*, which the court granted.  He subsequently filed an appellate brief, raising two issues.  First, Appellant complains that a "Sobrietor system" has been put in place to "enforce the absence of alcohol," which has "added a debt of $184.80 a month to successfully complete the Home Detention," even though he "was never convicted or found guilty of any alcohol related charges in this particular case."  (ECF No. 9). He further requests vacatur of the home detention order and placement on unsupervised probation for the remainder of his term, citing financial hardship.  The government elected not to file a responsive brief, asserting that Appellant had made "no allegations of error by the sentencing magistrate judge" and stated "no grounds for appeal."  (ECF No. 9).

Pursuant to Federal Rule of Criminal Procedure 58(g)(2)(B), "[a] defendant may appeal a magistrate judge's judgment of conviction or sentence to a district judge within 14 days of its entry" by "fil[ing] a notice with the clerk specifying the judgment being appealed and . . . serv[ing] a copy on the adverse party."  Rule 58(g)(2)(D) provides that "[t]he scope of

4

the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge." Thus, in reviewing a judgment of conviction entered by a magistrate judge, a "district court utilizes the same standards of review applied by a court of appeals in assessing a district court conviction," rather than conducting a "trial *de novo*." *United States v. Bursey*, 416 F.3d 301, 305 (4th Cir. 2005).

Because Appellant did not move to withdraw his plea, the adequacy of the Rule 11 hearing is reviewed for plain error only. *United States v. Massenburg*, 564 F.3d 337, 342-43 (4th Cir. 2009). Appellant does not allege, nor does the record reflect, any failure by Judge DiGirolamo to comply with the mandate of Fed.R.Crim.P. 11 in accepting the guilty plea, and the stipulation of facts, to which Appellant agreed under oath, supported that he was guilty as charged. Accordingly, there was no plain error in the court's acceptance of Appellant's guilty plea.[2]

---

[2] There may be a discrepancy between the sentence orally pronounced and the written judgment of conviction. During the court's oral pronouncement of sentence, while the court was imposing six months of home detention, Judge DiGirolamo also said that Appellant would be required to abstain from alcohol. The judgment of conviction requires that he abstain from alcohol "during the period of probation," *i.e.*, for twenty-four months. (ECF No. 1-6, at 3). Generally, "[w]hen there is a conflict between the court's sentence as orally pronounced and the written judgment of conviction, the oral sentence controls." *United States v. Carcano*, 442 Fed.Appx. 821, 823 (4th Cir. 2011) (citing *United States v. Osbourne*, 345 F.3d 281, 283 n. 1 (4th

5

Insofar as Appellant's brief poses a challenge to his sentence, the court reviews for reasonableness, applying an abuse of discretion standard. *See Gall v. United States*, 552 U.S. 38, 41 (2007). Such review requires consideration of both the procedural and substantive reasonableness of the sentence. *Id*. at 51. Review for procedural reasonableness looks to whether the parties were given an opportunity to argue for an appropriate sentence and whether the court considered the factors enumerated under 18 U.S.C. § 3553(a) and sufficiently explained the reasoning for the selected sentence. *Id*. at 49-51.

Review of the instant record reflects no procedural deficiencies. The magistrate judge provided both parties an opportunity to be heard; indeed, he imposed a probationary

---

Cir. 2003)). Appellant has not raised this specific issue on appeal, but he may file a motion in the criminal case seeking to correct any clerical error pursuant to Federal Rule of Criminal Procedure 36. *See United States v. Portillo*, 363 F.3d 1161, 1164-65 (11th Cir. 2004) ("a district court may correct 'clerical' errors in the written judgment at any time under Rule 36, for example, to ensure that the judgment is in accord with the oral sentence"); *United States v. Murphy*, 329 Fed.Appx. 653, 655 (7th Cir. 2009) ("Rule 36 empowers a sentencing court to correct the written judgment, even *sua sponte*, when a mistake is discovered").

To the extent Appellant complains that the Probation Office has required him to pay a monthly fee for home monitoring equipment, he should first discuss this issue with his probation officer and, if still dissatisfied, he may file a motion with Judge DiGirolamo to waive the fee.

sentence, as Appellant argued was appropriate. Moreover, the record reflects proper consideration of the § 3553(a) factors. While Appellant now complains of collateral consequences stemming from the requirement that he abstain from consuming alcohol during the term of his probation, he was initially charged with possessing an open container of alcohol and had multiple prior convictions related to alcohol and drugs. *See* 18 U.S.C. § 3553(a)(1) (requiring the sentencing court to consider "the nature and circumstances of the offense and the history and characteristics of the defendant"); *United States v. Wesley*, 81 F.3d 482, 484 (4th Cir. 1996) (requiring abstinence from alcohol as a condition of supervised release does not constitute an abuse of discretion where the defendant has prior alcohol and drug-related convictions).

Having established that the sentence was free from procedural error, the court must also review for substantive reasonableness, "tak[ing] into account the totality of the circumstances," including any variance from the sentencing guidelines range, if applicable. *Gall*, 552 U.S. at 51.[3] Given

---

[3] A federal offense punishable by up to six months imprisonment, such as the offense of which Appellant stands convicted, is considered a Class B misdemeanor and the federal sentencing guidelines do not apply. *See* 36 C.F.R. § 1.3(a) (authorizing a term of imprisonment "not exceeding 6 months"); 18 U.S.C. § 3559(a)(7) (sentence of "six months or less" is a Class B misdemeanor); U.S.S.G. § 1B1.9 ("The sentencing

7

that Appellant's sentence was considerably less than the maximum to which he could have been sentenced, there exists a presumption that it was substantively reasonable. *See United States v. Mendoza-Mendoza*, 597 F.3d 212, 217 (4th Cir. 2010). That presumption may be rebutted only upon a showing by Appellant that "the sentence is unreasonable when measured against the § 3553(a) factors." *See United States v. Montes-Pineda*, 445 F.3d 375, 379 (4th Cir. 2006) (internal marks omitted).

Appellant has made no such showing here, nor could he. Although home detention and supervised probation may be inconvenient in many respects, Appellant successfully avoided a term of incarceration, as requested by the government – a considerable benefit, given the serious nature of his offense and criminal history – and the imposition of a fine, as recommended by the pre-sentence report. He should not now be heard to complain that the terms of his supervised probation are holding him back, particularly where he specifically sought a probationary term at sentencing.

Accordingly, it is this 9th day of September, 2013, by the United States District Court for the District of Maryland, ORDERED that:

---

guidelines do not apply to any count of conviction that is a Class B or C misdemeanor or an infraction").

1. Appellant's judgment of conviction BE, and the same hereby IS, AFFIRMED; and

2. The clerk is directed to transmit copies of this Memorandum Opinion and Order to Judge DiGirolamo, to counsel for the government, and directly to Appellant.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge